UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00082-LLK

CYNTHIA S. BUTLER                                                                                                    PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 18 and DN 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 12].

Judicial review consists of a determination of whether the Administrative Law Judge's ("ALJ's") decision was [1] "supported by substantial evidence and [2] was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)). Because Plaintiff persuasively argues that the ALJ's decision fails both prongs of the *Rogers* test, the Court will REMAND this matter to the Commissioner for a new decision.

**Plaintiff's first argument is persuasive.**

In April 2016, while lifting patient as part of her job as a licensed practical nurse ("LPN") at a nursing home, Plaintiff heard a "pop" in her low back. [DN 18 at 3]. At the administrative hearing, the ALJ asked Plaintiff how long she can stand / walk at one time, and she responded, "maybe 30 minutes or so and I have to sit down." [Administrative Record, DN 17, at 54]. Plaintiff testified that:

> My lower back is pained 24/7. It never leaves. It's always there. … It's in the middle part of my lower back and it radiates – the pain doesn't radiate down my left leg, but my left leg is numb and tingling. More numb like in the back part of my leg and the tingling in my toes.

*Id.* at 52. The ALJ did not ask Plaintiff how long she can stand/walk total during an 8-hour workday.

1

The ALJ found that, despite her degenerative disc disease, history of lupus, and gastrointestinal reflux disorder ("GERD"), Plaintiff has a residual functional capacity ("RFC") for light work.[1] [DN 17 at 14, 17]. The full range of light work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5.

In August 2015, Plaintiff began seeing her treating physician, Melissa Purvis, M.D. [DN 17 at 19; DN 18 at 12]. In 2016, when she injured her back, Plaintiff saw Dr. Purvis monthly or even twice a month. *Id.* In October 2018, Dr. Purvis completed the Attending Physician Restrictions form, finding that Plaintiff can, in an 8-hour workday, sit for a total of 2 hours, stand for 1 hour, and walk for 1 hour; and can "sit and stand alternately during an 8-hour workday on a sustained basis" for 3 hours. [DN 17 at 617]. The ALJ gave Dr. Purvis' opinion "no weight," finding it to be "too extreme and not consistent with [Dr. Purvis'] own treatment notes or supported in the medical evidence of record." *Id.* at 31.

Plaintiff's first argument is that "the ALJ's finding that [she] can perform light work activity is unsupported" in light of Dr. Purvis' medical opinion from October 2018. [DN 18 at 9]. The argument is persuasive for two reasons.

First, as noted above, judicial review consists of a determination of whether the ALJ's decision was [1] "supported by substantial evidence and [2] was made pursuant to proper legal standards." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007). The ALJ's decision was not made pursuant to proper legal standards.

Plaintiff filed her application for Title II benefits on March 20, 2017 or March 24, 2016. [DN 17 at 12; DN 18 at 10]. In either case, "[f]or claims [such as the present one] filed before March 27, 2017, the

---

[1] If restricted to sedentary work, Plaintiff is entitled to a finding of disability pursuant to direct application of Rule 201.14 of Appendix 2 of the regulations. This is because the ALJ cited Rule 202.14 as a framework for decisionmaking, [DN 17 at 33], and the corresponding rule for an individual having an RFC for sedentary work is Rule 201.14, and it directs an ultimate finding of "disabled."

2

[old] rules [for weighing medical opinions] in § 404.1527 apply." 20 C.F.R. § 404.1520c. Under the old rules, a treating physician's (e.g., Dr. Purvis') medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record. 20 C.F.R. § 404.1527(c)(2). "When we [i.e., the ALJ] do not give the treating source's medical opinion controlling weight, we apply the factors" of: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Id.* "We will always give good reasons in our notice of determination or decision [i.e., the ALJ's decision] for the weight we give your treating source's medical opinion." *Id.*

There is no indication the ALJ considered Dr. Purvis' medical opinion (i.e., the Attending Physician Restrictions form) in light of 20 C.F.R. § 404.1527. The ALJ's decision did not acknowledge that Dr. Purvis was Plaintiff's "treating" physician[2] or that, under Section 404.1527(c)(2), her opinion might be entitled to "controlling" weight. Consistently with the new rules, the ALJ's decision appears to make no distinction (in terms of evidentiary weight) among treating, examining, and non-examination medical sources. The ALJ's decision provides no particularly "good reasons" for giving "no weight" to Dr. Purvis' treating source medical opinion. *See Cole v. Comm'r*, 661 F.3d 931, 937-38 (6th Cir. 2011) (The requirement of giving "good reasons" exists, in part, to let "claimants understand the disposition of their cases, particularly in situations where a claimant knows" that her physician believes she has a certain restriction and "therefore might be especially bewildered when told by an administrative bureaucracy that" she has no such restriction.).

Second, the ALJ's finding that Plaintiff can stand/walk for 6 hours per 8-hour workday as required to perform light work is not supported by substantial evidence. As noted above, the ALJ found that,

---

[2] The ALJ does refer to Dr. Purvis as Plaintiff's "primary care provider." [DN 17 at 19].

3

despite her degenerative disc disease, Plaintiff has a residual functional capacity ("RFC") for light work. [DN 17 at 14, 17]. The full range of light work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. To the extent they preclude 6 hours of standing/walking per 8-hour workday, Dr. Purvis' October 2018 medical opinion is not (as the ALJ found) "extreme" and inconsistent with the "medical evidence of record." [DN 17 at 31].[3]

In support of her findings, Dr. Purvis cited Plaintiff's "chronic low back pain." *Id.* at 617. In July 2017, certified nurse practitioner ("CNP") Tiffany Young at Mercy Neurosurgery examined Plaintiff and found, among other things, that her "reflexes are 1+ left patellar, absent bilateral achilles." *Id.* at 575. In June 2018, a lumbar MRI revealed "degenerative changes, predominately at L5-S1, without significant spinal stenosis" and "stable hemangiomas at L1 and L3." *Id.* at 549. Dr. Purvis noted these results and stated she was "still trying to find [Plaintiff] a neurosurgeon." *Id.* at 550. In August 2018, neurologist Niranjan Siva, M.D., examined Plaintiff and found that "neurological examination today was significant for some subjective altered sensation in the left lower extremity along with some reduced reflexes in the legs … suggestive of sciatic pain vs L5-S1 root irritation." *Id.* at 614. In August 2018, Plaintiff presented to Pain Management, and Kavita Manchikanti, M.D., observed positive Gaenslen's and FABER tests on the left. *Id.* at 557.[4] Plaintiff tried physical therapy, but it made her symptoms worse.[5]

---

[3] Admittedly, Dr. Purvis' finding that Plaintiff must "constantly" rest, recline or lie down to alleviate pain, fatigue, or other symptoms during an 8-hour workday, [DN 17 at 617], seems a bit extreme. However, the Commissioner's argument that Dr. Purvis' findings regarding Plaintiff's abilities to stand/walk in an 8-hour workday were extreme because Plaintiff engaged in "drug-seeking behavior" and Drs. Gruber and Couch did not recommend surgery, [DN 21 at 14], is unpersuasive.

[4] As explained in *Carla L. P. v. Berryhill*, No. 2:18 CV 60 (JMB), 2019 WL 2195471, at *3 (E.D. Mo. May 21, 2019):

> "The FABER (Patrick's) Test stands for: Flexion, Abduction and External Rotation. These three movements combined result in a clinical pain provocation test to assist in diagnosis of pathologies at the hip, lumbar and sacroiliac region." https://www.physio-pedia.com/FABER_Test (last visited May 6, 2019). Gaenslen's Test is used to detect musculoskeletal abnormalities and primary-chronic inflammation of the lumbar vertebrae and sacroiliac joint. https://www.physio-pedia.com/Gaenslen_Test (last visited May 6, 2019).

**Plaintiff's second argument is unpersuasive.**

The ALJ's decision recognized that Plaintiff testified that she "took Vyvanse and Adderall for ADD [attention deficit disorder]" and found that Plaintiff's "attention was benefited from her medications for ADD." [DN 17 at 15, 19]. The ALJ found Plaintiff must avoid "unprotected heights and dangerous machinery." *Id.* at 17. The ALJ concluded, however, that Plaintiff's:

> … medically determinable mental impairments of major depressive disorder, generalized anxiety disorder and attention deficit disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.

*Id.* at 14.

Plaintiff's second argument is that "the ALJ failed to find [she] suffers from a severe mental impairment." [DN 18 at 14]. Because this Opinion has already concluded a new decision is required, there is no reason apparent why (upon remand) the ALJ should not entertain argument that Plaintiff has a severe mental impairment.

Plaintiff's second argument, however, does not provide an independent basis for disturbing the ALJ's decision. Plaintiff admits that she is "reluctant to acknowledge mental issues." [DN 18 at 16]. To reverse the ALJ's decision, Plaintiff needed either to allege mental disability or submit a medical opinion from an acceptable medical source indicating she has a severe mental impairment.

---

[5] This Opinion declines the Commissioner's invitation, [DN 21 at 15], to treat the limitations given by Dr. Purvis (not as a medical opinion but as) merely a "treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings," which an ALJ may summarily dismiss. *Ellars v. Comm'r*, 647 Fed App'x 563, 566 (6th Cir. 2016). Admittedly, Dr. Purvis cited only "chronic low back pain" in support of her findings. [DN 17 at 617]. However, as indicated in this paragraph, Dr. Purvis' opinion was supported by a significant amount of objective medical evidence (of which she was aware). In this case, unlike the case cited by the Commissioner, Dr. Purvis' opinion was not "patently deficient" for being unaccompanied by "any explanation." [DN 21 at 15 quoting *Hernandez v. Comm'r*, 644 F. App'x 468, 474 (6th Cir. 2016)].

**Order**

Because the ALJ's decision is not supported by substantial evidence and was not made pursuant to proper legal standards, it is hereby ORDERED that this matter is REMANDED to the Commissioner for a new decision and any further proceedings deemed necessary and appropriate by the Commissioner.

March 31, 2021

Lanny King, Magistrate Judge
United States District Court